IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION §<br>§<br>Plaintiff §<br>§<br>v. §<br>§<br>THE TIFARO GROUP, LTD., §<br>GREATER HOUSTON EMERGENCY §<br>PHYSICIANS, PLLC, §<br>TIMOTHY SEAY, §<br>JASON LEBWOHL, §<br>GARY YEE, §<br>JASON GUKHOOL, §<br>MAUREEN FUHRMANN, §<br>ABEL LONGORIA, & §<br>TAREK KOUSSAYER, §<br>Defendants § | CIVIL ACTION NO.  4:17-CV-750 |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Capital One, National Association ("Capital One") files this Original Complaint against Defendants The Tifaro Group, Ltd. ("Tifaro"), Greater Houston Emergency Physicians, PLLC ("GHEP"), Timothy Seay ("Seay"), Jason Lebwohl ("Lebwohl"), Gary Yee ("Yee"), Jason Gukhool ("Gukhool"), Maureen Fuhrmann ("Fuhrmann"), Abel Longoria ("Longoria"), and Tarek Koussayer ("Koussayer") (collectively, "Defendants").  Capital One shows:

## I.  STATEMENT OF THE CASE

1. This is a straight-forward collection matter.  Non-party EC Mansfield, LLC ("Mansfield") failed to pay its debts to Capital One.  Defendants each guaranteed payment of Mansfield's indebtedness, but the Defendants have failed to pay as required by their respective guaranty agreements.  Now, Capital One brings this action, as the owner and holder of such agreements, seeking a judgment against Defendants for the sums due under Defendants' respective agreements with Capital One.

## II.  PARTIES

2. Plaintiff Capital One, National Association is a national bank and is a citizen of Virginia.  Capital One is authorized to do business in the State of Texas.

3. Defendant The Tifaro Group, Ltd. is a Texas limited partnership that maintains its principal place of business in Houston, Texas.  According to the records of the Texas Secretary of State, the general partner of The Tifaro Group, Ltd. is The Tifaro Group Management Company, LLC, a Texas limited liability company.  According to the records of the Texas Secretary of State and upon information and belief, the sole member and manager of The Tifaro Group Management Company, LLC is Jeffery A. Addicks who is an individual resident of Bellaire, Texas.  The Tifaro Group, Ltd. may be served by serving its registered agent, Mr. Jeffery A. Addicks, at 211 Highland Cross Drive, Suite 275, Houston,

Texas 77073 or at his residence, 4801 Palm Street, Bellaire, Texas 77401, or wherever else he may be found.

4. Defendant Greater Houston Emergency Physicians, PLLC is a Texas professional limited liability company that maintains its principal place of business in Houston, Texas. According to the records of the Texas Secretary of State and upon information and belief, the members of GHEP are Seay and Yee, each of whom is an individual Texas resident. GHEP may be served by serving its registered agent, Mr. Jeffery A. Addicks, at 211 Highland Cross Drive, Suite 275, Houston, Texas 77073 or at his residence, 4801 Palm Street, Bellaire, Texas 77401, or wherever else he may be found.

5. Defendant Timothy Seay is an individual resident of The Woodlands, Texas. Seay may be served at 2614 Wildwind Cove, The Woodlands, Texas 77380 or wherever else he may be found.

6. Defendant Jason Lebwohl is an individual resident of The Woodlands, Texas. Lebwohl may be served at 15 Freestone Place, The Woodlands, Texas 77382 or wherever else he may be found.

7. Defendant Gary Yee is an individual resident of Sugar Land, Texas. Yee may be served at 15611 Oyster Cove Drive, Sugar Land, Texas 77478 or wherever else he may be found.

8. Defendant Jason Gukhool is an individual resident of Houston, Texas. Gukhool may be served at 4141 Lovers Lane, Dickinson, Texas 77539 or wherever else he may be found.

9. Defendant Maureen Fuhrmann is an individual resident of Friendswood, Texas. Fuhrmann may be served at 2011 San Miguel, Friendswood, Texas 77546 or wherever else she may be found.

10. Defendant Abel Longoria is an individual resident of Galveston, Texas. Longoria may be served at 6 Cadena Drive, Galveston, Texas 77554 or wherever else he may be found.

11. Defendant Tarek Koussayer is an individual resident of Friendswood, Texas. Koussayer may be served at 708 South Field Drive, Friendswood, Texas 77546 or wherever else he may be found.

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction over this lawsuit pursuant to 28 USC § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. Venue of this case is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 USC §1391(b) (2) because a substantial part of the events giving rise to the claim occurred in Houston, Harris County, Texas. Pursuant to the Defendants' respective guaranty

agreements, Defendants were obligated to make payments to Capital One in Houston, Texas. Alternatively, venue is proper in this district pursuant to 28 USC §1391(b) (1) because all Defendants are Texas residents.

14. Pursuant to the Defendants' respective guaranty agreements, all Defendants waived any right to a jury trial. Capital One demands a bench trial of this action. Additionally, pursuant to the parties' agreements, this dispute is governed by Texas law.

### IV.  FACTUAL BACKGROUND

**A.    The Mansfield Indebtedness and Defendants' Guaranties.**

15. Non-party EC Mansfield, LLC executed and delivered to Capital One a Promissory Note dated May 19, 2014 (the "$2.4 million Note"). The $2.4 million Note was in the principal amount of $2,400,000.00. A true and correct copy of the $2.4 million Note is attached as <u>Exhibit A</u>. Under the terms of the $2.4 million Note, Mansfield was required to pay monthly accrued interest beginning on June 19, 2014 and continuing regularly on the same day of each subsequent month until February 19, 2015. The principal of the $2.4 million Note was due and payable in monthly installments calculated on a five-year amortization beginning March 19, 2015 and continuing regularly on the same day of each subsequent month until March 19, 2020, at which time the entire amount of unpaid principal and accrued interest was due and payable.

16. Non-party EC Mansfield, LLC also executed and delivered to Capital One a Revolving Line of Credit Promissory Note dated May 19, 2014 (the "$500,000.00 RLOC Note"). The $500,000.00 RLOC Note was in the principal amount of $500,000.00. A true and correct copy of the $500,000.00 RLOC Note is attached as Exhibit B. Under the terms of the $500,000.00 RLOC Note, Mansfield was required to pay monthly installments of accrued interest only beginning on June 19, 2014 and continuing regularly on the same day of each subsequent month until May 19, 2015, when the entire amount of unpaid principal and accrued interest was due and payable.

17. On April 29, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, Seay executed and delivered to Capital One a Guaranty Agreement (the "Seay Guaranty Agreement") which irrevocably and unconditionally guaranteed the payment and performance of 17.14% of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, and, in addition to that portion, all interest, attorneys' fees, collection costs, and other sums detailed in paragraph one of the Seay Guaranty Agreement. A true and correct copy of the Seay Guaranty Agreement is attached as Exhibit C.

18. On May 21, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, Lebwohl executed and delivered to Capital One a Guaranty Agreement (the "Lebwohl Guaranty Agreement") which irrevocably and

unconditionally guaranteed the payment and performance of 17.14% of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, and, in addition to that portion, all interest, attorneys' fees, collection costs, and other sums detailed in paragraph one of the Lebwohl Guaranty Agreement. A true and correct copy of the Lebwohl Guaranty Agreement is attached as <u>Exhibit D</u>.

19. On April 29, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, Yee executed and delivered to Capital One a Guaranty Agreement (the "Yee Guaranty Agreement") which irrevocably and unconditionally guaranteed the payment and performance of 17.14% of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, and, in addition to that portion, all interest, attorneys' fees, collection costs, and other sums detailed in paragraph one of the Yee Guaranty Agreement. A true and correct copy of the Yee Guaranty Agreement is attached as <u>Exhibit E</u>.

20. On May 5, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, Gukhool executed and delivered to Capital One a Guaranty Agreement (the "Gukhool Guaranty Agreement") which irrevocably and unconditionally guaranteed the payment and performance of 17.14% of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, and, in addition to that portion, all interest, attorneys' fees, collection

costs, and other sums detailed in paragraph one of the Gukhool Guaranty Agreement. A true and correct copy of the Gukhool Guaranty Agreement is attached as <u>Exhibit F</u>.

21. On May 7, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, Fuhrmann executed and delivered to Capital One a Guaranty Agreement (the "Fuhrmann Guaranty Agreement") which irrevocably and unconditionally guaranteed the payment and performance of 17.14% of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, and, in addition to that portion, all interest, attorneys' fees, collection costs, and other sums detailed in paragraph one of the Fuhrmann Guaranty Agreement. A true and correct copy of the Fuhrmann Guaranty Agreement is attached as <u>Exhibit G</u>.

22. On April 29, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, Longoria executed and delivered to Capital One a Guaranty Agreement (the "Longoria Guaranty Agreement") which irrevocably and unconditionally guaranteed the payment and performance of 17.14% of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, and, in addition to that portion, all interest, attorneys' fees, collection costs, and other sums detailed in paragraph one of the Longoria Guaranty

Agreement. A true and correct copy of the Longoria Guaranty Agreement is attached as <u>Exhibit H</u>.

23. On April 29, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, GHEP executed and delivered to Capital One a Guaranty Agreement (the "GHEP Guaranty Agreement") which irrevocably and unconditionally guaranteed the full payment and performance of all of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, including all interest, attorneys' fees, collection costs, and other sums detailed in paragraph one of the GHEP Guaranty Agreement. A true and correct copy of the GHEP Guaranty Agreement is attached as <u>Exhibit I</u>.

24. On April 29, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, Tifaro executed and delivered to Capital One a Guaranty Agreement (the "Tifaro Guaranty Agreement") which irrevocably and unconditionally guaranteed the full payment and performance of all of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, including all interest, attorneys' fees, collection costs, and other sums detailed in paragraph one of the Tifaro Guaranty Agreement. A true and correct copy of the Tifaro Guaranty Agreement is attached as <u>Exhibit J</u>.

25. On May 13, 2014, in connection with the $2.4 million Note and the $500,000.00 RLOC Note, Koussayer executed and delivered to Capital One a

Guaranty Agreement (the "Koussayer Guaranty Agreement") which irrevocably and unconditionally guaranteed the payment and performance of 17.14% of Mansfield's indebtedness related to the $2.4 million Note and the $500,000.00 RLOC Note, and, in addition to that portion, all interest, attorneys' fees, collection costs, and other sums detailed in paragraph one of the Koussayer Guaranty Agreement.  A true and correct copy of the Koussayer Guaranty Agreement is attached as <u>Exhibit K</u>.

26. Collectively, the Guaranty Agreements attached as Exhibits C, D, E, F, G, H, I, J and K are referred to as the "Guaranty Agreements."

27. The Guaranty Agreements specify that the place required for Defendants' payments is Capital One's office in Houston, Texas.

28. Capital One is the owner and holder of the $2.4 million Note, the $500,000.00 RLOC Note, and the Guaranty Agreements.

**B.     Default Under the Guaranty Agreements.**

29. Defendants are in default of their obligations to Capital One.

30. Through various correspondence dated January 4, 2016, April 4, 2016 and August 19, 2016, Capital One informed Mansfield and the Defendants that Mansfield was in default under the $2.4 million Note and $500,000.00 RLOC Note, and provided Mansfield with various opportunities to cure the defaults. When Mansfield and the Defendants failed to cure the defaults, Capital One sent a

letter dated December 22, 2016 advising Mansfield and the Defendants that because of their failure to cure the defaults, Capital One exercised its right to charge default interest on both notes at eighteen percent (18%) per annum from and after December 22, 2016. A true and correct copy of the letter is attached as Exhibit L.

31. Capital One sent a final letter to Mansfield and the Defendants dated January 19, 2017 informing them that Capital One accelerated the balance due and owing under the $2.4 million Note and $500,000.00 RLOC Note, and demanded immediate payment in full. A true and correct copy of the letter is attached as Exhibit M.

32. Despite demand, the Defendants have not paid Capital One pursuant to the Guaranty Agreements. As of March 7, 2017, the principal amount due on the $2.4 million Note is $1,632,323.60, the accrued interest is $82,765.85, and late fees currently total $9,000.00. This figure does not include attorneys' fees, court costs, or collection expenses, which are recoverable from Defendants under the Guaranty Agreements in addition to their respective portions of the $2.4 million Note-related debt. Interest continues to accrue at the per diem rate of $816.16.

33. Likewise, the principal amount due on the $500,000.00 RLOC Note as of March 7, 2017 is $199,364.84, the accrued interest is $9,427.89, and late fees currently total $113.12. This figure does not include attorneys' fees, court costs, or

collection expenses, which are recoverable from Defendants under the Guaranty Agreements in addition to their respective portions of the $500,000.00 RLOC Note-related debt. Interest continues to accrue at the per diem rate of $99.68.

## V. CAUSES OF ACTION

**Count 1:** **Breach of the Guaranty Agreements.**

34. Exhibits C, D, E, F, G, H, I, J, and K demonstrate that the Guarantors executed their respective Guaranty Agreement in favor of Capital One, in which they personally and unconditionally guaranteed full payment of their respective portion of the $2.4 million Note, and the $500,000.00 RLOC Note.

35. Capital One is the legal owner and holder of the Guaranty Agreements.

36. Exhibits A and B establish the terms of the $2.4 million Note, and the $500,000.00 RLOC Note. Non-party Mansfield defaulted under the terms and conditions of the $2.4 million Note, and the $500,000.00 RLOC Note.

37. Capital One notified the Defendants that Mansfield was in default of its obligations under the $2.4 million Note and the $500,000.00 RLOC Note.

38. Despite demand, Defendants have failed and refused, and continue to refuse, to pay Capital One the amounts due and owing to Capital One under the $2.4 million Note and the $500,000.00 RLOC Note as provided in the Guaranty Agreements. The Defendants' failure to pay the amounts due and owing pursuant

to the Guaranty Agreements constitutes a material breach of their respective Guaranty Agreement causing Capital One to suffer damages.

39. Pursuant to the unconditional guarantees provided by the Defendants to Capital One in their respective Guaranty Agreements, Capital One has the right to pursue Defendants for its actual damages incurred up to the amount guaranteed by each Defendant, in addition to unpaid accrued interest, and other costs allowed for under the Guaranty Agreements.

40. Capital One has performed all conditions precedent to enforcement of the Guaranty Agreements or they have been waived.

41. Defendants' breaches have caused damages in an amount that exceeds the jurisdictional threshold of this Court.

## VI. ATTORNEYS' FEES, INTEREST, AND COSTS

42. Pursuant to the terms of the Guaranty Agreements and pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.001, Capital One is entitled to recover its reasonable attorneys' fees incurred in prosecuting this action against the Defendants. Capital One is also entitled to recover interest, and costs of suit. Capital One has satisfied all conditions precedent.

## VII. RESERVATION OF RIGHTS

43. Capital One reserves all rights and remedies against Defendants and any other parties in connection with the $2.4 million Note and the $500,000.00

RLOC Note, and all related obligations. The filing of this action is not intended to be a waiver of any rights or remedies or an election of remedies.

## VIII. PRAYER

Capital One, National Association respectfully prays that it have judgment against Defendants The Tifaro Group, Ltd., Greater Houston Emergency Physicians, PLLC, Timothy Seay, Jason Lebwohl, Gary Yee, Jason Gukhool, Maureen Fuhrmann, Abel Longoria, and Tarek Koussayer for all sums due to Capital One in connection with the Guaranty Agreements, plus pre- and post-judgment interest as allowed by law, plus reasonable and necessary attorneys' fees incurred by Capital One in pursuing its claim, as well as costs of court, and for such other and further relief, both general and special, to which Capital One may be justly entitled.

Respectfully submitted,

By: */s/ Richard A. Howell*
Richard A. Howell
ATTORNEY-IN-CHARGE
Texas Bar No. 24056674
S.D. ID # 959050
Email: rahowell@jw.com
Jamila M. Brinson
Texas Bar No. 24074867
S.D. ID# 1127492
Email: jbrinson@jw.com
JACKSON WALKER, L.L.P.
1401 McKinney Street, Suite 1900

      Houston, Texas 77002
      Telephone:  (713) 752-4246
      Fax:  (713) 752-4221

**ATTORNEYS FOR PLAINTIFF CAPITAL ONE, NATIONAL ASSOCIATION**